**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 4:11-CR-00061-ALM** |
| **v.** | § | |
| | § | |
| | § | |
| **MANDY ISABEL MUNOZ (5),** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 7, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Mandy Isabel Munoz. The government was represented by Alan Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on total offense level of 31 and criminal history category of III, was 135 to 168 months. On August 17, 2012, District Judge Richard A. Schell of the Eastern District of Texas sentenced Defendant to 135 months imprisonment followed by 5 years of supervised release, subject to the standard conditions of release, plus special conditions to include mental health treatment, substance abuse testing and treatment, and obtaining her GED. On May 26, 2016, Defendant's sentenced was reduced to 120 months. On November 5, 2018, Defendant completed her term of imprisonment and began her term of supervision.

Under the terms of supervised release, Defendant was prohibited from leaving the judicial district without permission of the court or her probation officer. In Allegation 2 of its petition, the government alleges that Defendant violated her conditions of supervised release when she was arrested in Hamilton, Georgia on November 7, 2021 because she did not have permission to be outside of the District. The government also alleges that Defendant violated her conditions of supervised release when she was arrested on April 10, 2023 because she advised that she was returning from Dallas, Texas, and she did not have permission to travel outside of the District.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by leaving the District without permission from the court or her probation officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 4 months, a downward departure due to Defendant's near completion of her term of supervision and pending state charges underlying the petition that have yet to be resolved, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Mandy Isabel Munoz's plea of true be accepted and that she be sentenced to 4 months imprisonment, a downward departure due to Defendant's near completion of her term of supervision and pending state charges underlying the

petition that have yet to be resolved, with no supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FMC Carswell, Texas. The parties waived their right to objections so this matter shall be presented to the District Judge for consideration.

**So ORDERED and SIGNED this 8th day of August, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE